IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE MOORE, | ) | 4:15CV3140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN M. GERRARD, in his | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of Plaintiff Maurice Moore's Complaint (Filing No. 1). *See* 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the court finds (1) sovereign immunity deprives the court of jurisdiction over Moore's claims for damages against Judge Gerrard in his official capacity, and (2) absolute judicial immunity bars Moore's claims for damages against Judge Gerrard in his individual capacity.

## I. SUMMARY OF COMPLAINT

Liberally construed, Moore asserts constitutional claims against Judge Gerrard, a federal district court judge. He alleges Judge Gerrard presided over his civil case, *Moore v. Stacy*, No. 4:15-cv-03107-JMG-PRSE. He complains that Judge Gerrard dismissed this civil case without requiring the defendant to answer the complaint. He alleges, in conclusory fashion, that Judge Gerrard's actions were racially motivated. (Filing No. 1 at CM/ECF pp. 1-3.)

For relief, Moore seeks damages in the amount of $2 million. Moore also asks for a declaration that Judge Gerrard violated the Federal Rules of Civil Procedure, the Nebraska Constitution, and Moore's rights under the Equal Protection Clause of the United States Constitution. (Filing No. 1 at CM/ECF p. 4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

### A. Sovereign Immunity

Moore sued Judge Gerrard, a federal district court judge, in his official capacity and in his individual capacity. Sovereign immunity prevents the court from exercising jurisdiction over claims for damages against Judge Gerrard in his official capacity.

The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411-12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v.*

*Sherwood*, 312 U.S. 584, 586 (1941). A lawsuit against a government official in his official capacity is tantamount to a suit against "an entity of which an officer is an agent[,]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)); therefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity. Congress may waive sovereign immunity, but any such waiver must be express. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Here, Moore brought suit against Judge Gerrard in his official capacity. Judge Gerrard is part of the United States government for purposes of sovereign immunity. See *Graham*, 473 U.S. at 165-166. The United States clearly falls within the protective reach of sovereign immunity. There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, this court lacks jurisdiction over Moore's claims against Judge Gerrard in his official capacity.

**B.   Judicial Immunity**

Moore's individual-capacity claims against Judge Gerrard also fail. This cause of action comes under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971) (recognizing an implied cause of action for monetary damages against federal government officials sued in their individual capacities for constitutional violations).

Judges are entitled to absolute immunity from suit for all judicial actions except those taken in the complete absence of all jurisdiction. *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, Moore alleged no facts against Judge Gerrard that would fall outside the scope of his duties in presiding over Moore's civil proceedings. Accordingly, his individual-capacity claims against him for money damages are barred on the basis of judicial immunity.

**C.    Requests for Declaratory Relief**

Moore also seeks declaratory relief. While judicial immunity is not a bar to declaratory relief, *Lawrence v. Kuenhold*, 271 Fed.Appx. 763, 766 (10th Cir. 2008), Moore is not entitled to such relief. Moore essentially asks for a declaration that Judge Gerrard violated the Federal Rules of Civil Procedure, the Nebraska Constitution, and his rights under the Equal Protection Clause of the United States Constitution. (Filing No. 1 at CM/ECF p. 4.) These are requests for a declaration of past liability. They do not pertain to Moore's future rights. Therefore, a declaratory judgment would serve no purpose and is not available. *Id.* at 766.

IT IS THEREFORE ORDERED that:

1.    Moore's Complaint is dismissed with prejudice. The court will enter judgment by a separate document.

2.    Moore's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied as moot.

DATED this 22nd day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge